## Removal of Trees Along Highways

Moss, Deputy Attorney General, June 8, 1932.—You have asked to be advised to what extent your department's power to cut and remove trees in and along state highways in townships is affected by the powers of shade tree commissions and the rights of abutting owners.

Section six of the State Highway Act of May 31, 1911, P. L. 468, 36 PS § 971, provides that the highways taken over by that act ". . . shall be under the exclusive authority and jurisdiction of the State Highway Department . . ."

Under the above provision of the Sproul Act your department has broad powers, but they must be exercised by you in accordance with and as limited by any other acts of assembly that relate to the highways under your supervision.

The Act of April 1, 1909, P. L. 97, was passed to protect trees growing along the roadside or within the legal limits of highways. Section five makes the act applicable to the officials of the Department of Highways, supervisors, roadmasters and their employes. It was not specifically repealed by the Sproul Act of 1911, nor can the above-quoted part of section six of that act be interpreted to repeal it by implication. The two are not inconsistent. The Act of 1909 merely regulates, in respect to trees, the manner in which you shall exercise your exclusive authority over the state highways.

As to trees along highways through forested, wild or uncultivated lands, the act permits you to cut down any tree within fifteen feet of the center line. Beyond that, and within the legal limits of the highway, you may cut down any

tree under four inches in diameter. Over that thickness you may do so only with the consent of the abutting property owner or on order of a judge of the county court.

Along a highway through improved or cultivated lands, you may remove any tree which interferes with public travel. If, to maintain the highway at its best and highest efficiency, you believe it necessary to remove a tree within the limits of the highway, even though it does not interfere with public travel, you may remove it only with the consent of the owner or on the order of a county judge.

The Act of 1909 does not limit your power to build new roads or widen old ones where the removal of any trees within the limits of the highway is necessary in order to construct the road. In our opinion, the Act of 1909 was not intended to apply to such new construction so as to hinder you in the performance of your duty to build and construct roads.

By The First Class Township Law of June 24, 1931, P. L. 1206, Secs. 3020-3031, townships of the first class are permitted to create shade tree commissions. The general power of such commissions is defined in section 3023 as follows:

"The commission shall have exclusive custody and control of the shade trees in the township, and is authorized to plant, remove, maintain, and protect shade trees on the public highways in the township."

Under section 3024 the commission may adopt rules and regulations for the care and protection of the shade trees of the township provided they are first approved by the township commissioners. As a sample of such regulations you have submitted an ordinance of one of the townships approving the regulations of the shade tree commission of that township. Among other things, it prohibits the planting, cutting, trimming or removal of any shade tree by any person without a permit from the commission. It defines "shade tree" as any shade tree, shrub or woody plant on any public highway in the township, and "person" as any individual, firm, association, or corporation.

The Act of 1931 relates solely to the affairs of townships, and, in our opinion, cannot be construed to limit the exclusive jurisdiction of your department over the state highways. Under section seventeen of the State Highway Act of May 31, 1911, P. L. 468, as amended by the Act of June 26, 1931, P. L. 1388, Sec. 5, your department has the power to plant trees along state highways. Nothing is said about the necessity of applying to the shade tree commissions of first class townships for permission to do so. Both acts were passed at the same session of the legislature and must be construed together.

The townships are merely agencies of the state. They have only such powers as are granted to them by the legislature. Such powers are subservient to the sovereign power of the Commonwealth. Statutes granting powers to townships should not be construed to restrict the Commonwealth in the performance of its functions, in the absence of a clear intent to do so.

It is the duty of your department to construct and maintain the state highways in an efficient and safe condition for the traveling public. The discretion lodged in you as to what must be done to carry out your duty has not, in our opinion, been affected in any way by the Act of 1931 creating shade tree commissions in townships of the first class. Your duty to maintain the highways is paramount to the power of townships in relation to shade trees.

Therefore, you are advised that you are not required to obtain the consent of township shade tree commissions before cutting or removing trees along state highways in first class townships. However, the cutting or removal of trees along state highways in townships is subject to the restrictions contained in the Act of April 1, 1909, P. L. 97, as herein interpreted.

From C. P. Addams, Harrisburg, Pa.